**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

GLEN BUDIMIR,

          Plaintiff,

       v.                           CAUSE NO.: 4:21-CV-19-TLS

INDIANA BEACH HOLDINGS, LLC,

          Defendant.

**OPINION AND ORDER**

In the Spring of 2020, the Plaintiff Glen Budimir applied for a job with the new owner of the Indiana Beach amusement park, where he had previously worked prior to its closing. When he was not offered the position, he filed a Complaint [ECF No. 1] in this Court, alleging the Defendant Indiana Beach Holdings, LLC failed to hire him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (ADEA) and the Americans with Disabilities Act Amendment Act, 42 U.S.C. § 12101 et seq. (ADA). This matter is before the Court on the Defendant's Motion for Summary Judgment [ECF No. 29], filed on June 23, 2023. The Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [ECF No. 40] was timely filed on September 6, 2023. The Defendant filed its reply [ECF No. 41] on September 18, 2023. For the reasons stated below, the Court GRANTS the Defendant's Motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or

(2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## EVIDENTIARY OBJECTIONS

The Material Facts are taken from the Defendant's Statement of Undisputed Material Facts [ECF No. 30] and the Plaintiff's Statement of Additional Material Facts [ECF No. 39]. Whether the subject of a party's objection or on the Court's own review, the Court disregards substantive arguments and characterization of evidence in the fact statements and considers the facts only as supported by the cited evidence of record. *See, e.g.*, *Boyd v. City of Chicago*, 225 F. Supp. 3d 708, 716 (N.D. Ill. 2016). However, the Court addresses the Plaintiff's evidentiary objections and his request that the Court strike corresponding parts of the record. *See* Fed. R. Civ. P. 56(c)(2); *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 769 (7th Cir. 2020).

The Court overrules the Plaintiff's objections of hearsay, conclusory, opinions, self-serving, lack of personal observation of the Plaintiff, and lack of attribution to a specific person

to paragraphs 15 through 17 and 22 of the Affidavit of Michael Hobart [ECF No. 31-1] about

why the Defendant did not hire the Plaintiff. Under the *McDonnell Douglas* framework—which,

if the Plaintiff establishes his prima facie case of discrimination, requires that the Defendant

articulate a legitimate, nondiscriminatory reason for why it decided not to hire the Plaintiff—

Hobart's statements are not hearsay. This is because the Defendant does not offer Hobart's

testimony to show the truth of the legitimate, nondiscriminatory reasons it gave for why the

Defendant decided not to hire the Plaintiff. Rather, the Defendant offers Hobart's testimony as

proof of those reasons. *See, e.g.*, *Pugh v. City of Attica*, 259 F.3d 619, 627 n.7 (7th Cir. 2001)

(determining that the report was offered to prove a legitimate, nondiscriminatory reason for

termination—not the statements contained within the report); *Wilson v. Lear Seating Corp.*, 258

F. Supp. 3d 916, 927–28 (N.D. Ind. 2017) (finding that statements indicating a legitimate,

nondiscriminatory reason for termination were not hearsay because they were not offered to

prove the matter asserted). Thus, the Court concludes that these statements are not hearsay.

Next, "[a]n affidavit . . . used to support . . . a motion must be made on personal

*knowledge*." Fed. R. Civ. P. 56(c)(4) (emphasis added). Here, the objection based on lack of

personal observation is overruled because Hobart indeed averred his statements were based on

personal knowledge. Def. Ex. A, ¶ 1. Additionally, the Plaintiff did not give any reason as to

why Hobart, as the maintenance manager for the Defendant (at the time the Plaintiff applied for a

maintenance position in the Spring of 2020) and for the prior owner since 2016 (at the time the

Plaintiff was previously employed by the maintenance department by the prior owner), would

not have personal knowledge of the reasons why the Defendant decided not to hire the Plaintiff.

Furthermore, the Plaintiff does not cite any authority that stands for the proposition that an

affidavit submitted in support of a motion for summary judgment must be made based on

personal *observation* as argued in the objection. Therefore, the Court finds that Hobart's

statements in his affidavit were based on personal knowledge, which is sufficient for satisfying

the personal knowledge requirement of Rule 56.

To the extent that the Plaintiff also contends that these statements by Hobart are opinions,

conclusory, self-serving, and lack attribution to a specific person and thus are inadmissible, the

Plaintiff's arguments are not supported by an analysis that is connected to legal authority.

Therefore, the Court finds the "conclusory," "opinions," "self-serving," and "specific person"

arguments are underdeveloped, conclusory, and unsupported by law and thus waived. *See Riley*

*v. City of Kokomo Hous. Auth.*, 909 F.3d 182, 190 (7th Cir. 2018) ("It is not the obligation of

th[e] court to research and construct the legal arguments open to parties, especially when they are

represented by counsel.") (quoting *Beard v. Whitley Cnty. REMC*, 840 F.2d 405, 408–09 (7th

Cir. 1988)); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("[E]ven arguments

that have been raised [before the district court] may still be waived on appeal if they are

underdeveloped, conclusory, or unsupported by law."). Accordingly, based on the arguments

before the Court, the Court denies the Plaintiff's request that paragraphs 15 through 17 and 22 of

Hobart's affidavit be stricken.

## MATERIAL FACTS

Indiana Beach is an amusement park and water park that was first opened in 1926 by the

Spackman family. Def. Ex. A, ¶¶ 2–3, ECF No. 31-1. In 2008, Indiana Beach was sold to

Morgan RV (Morgan). *Id*. ¶ 3. The Plaintiff worked at Indiana Beach previously, starting in

2008, at which time he was forty-eight years old. Def. Ex. B, 9:20–25, 20:15–16, ECF No. 31-2.

Starting in 2010, the Plaintiff worked in maintenance for Indiana Beach. *Id*. 18:14–18. In 2015,

Morgan sold Indiana Beach to Apex Parks Group, LLC (Apex) in 2015. Def. Ex. A, ¶ 3.

The Plaintiff asserts that he has Perthes disease. Def. Ex. B, 39:14–21. He asserts that he was diagnosed in approximately 1976. Def. Ex. B, 39:22–24. The Plaintiff testified that he walks with a limp because of Perthes disease and that he had conversations about his disability with his supervisor, Mike Hobart, and with the Park Manager, Gary Fawks, while they were all employed by Apex. Pl. Ex. 1, 41:1–42:8.

Apex owned the park until 2020 when it filed for bankruptcy. Def. Ex. A, ¶ 3. After Apex filed for bankruptcy, Indiana Beach closed operations on February 18, 2020. Def. Ex. B, 18:23–19:2. Consequently, all Indiana Beach employees, including the Plaintiff, had their employment terminated by Apex (except for a few who remained as security personnel). Def. Ex. A, ¶ 4; Def. Ex. B, 34:17–25.

In April 2020, the Defendant purchased the assets of Indiana Beach. Def. Ex. A, ¶ 5. At the time of the purchase, the State of Indiana had enacted emergency orders in response to the COVID-19 pandemic, which prevented businesses such as Indiana Beach from opening. *Id.* ¶ 6. These emergency orders include Governor Holcomb's March 24, 2020 Executive Order, which expressly ordered the closing of amusement parks. *See* 2020 Executive Orders, Indiana Governor Eric J. Holcomb, https://www.in.gov/gov/newsroom/executive-orders/2020-executive-orders/ (last visited Mar. 6, 2024), Exec. Order 20-08 at 3. The Order originally took effect from March 24, 2020, through April 6, 2020, and was then extended twice until May 1, 2020. *See id.*, Exec. Order 20-08 at 2; Exec. Order 20-18 at 3; Exec. Order 20-22 at 2.

After the Defendant purchased the assets of Indiana Beach in April 2020, and before the reopening of the park in June 2020, Indiana Beach Holdings started the process of staffing the park with staff it believed could meet the required standards for employment. Def. Ex. A, ¶¶ 7–8. Indiana Beach reopened on June 27, 2020. *Id.* ¶ 8. In late Spring of 2020, the Plaintiff applied online, through a job-posting site, to work at Indiana Beach. Def, Ex. B, 38:19–39:8. Both

Hobart and Fawks were retained in management positions by the Defendant. *Id*. 43:18–25.
Fawks was involved in the decision-making process as to which employees were retained/rehired
by the Defendant and which ones were not. *Id*. 44:1–8. Ultimately, the Plaintiff was not hired by
the Defendant. Def. Ex. A, ¶ 15.

The Defendant did not hire the Plaintiff because the economic downturn from the
COVID-19 pandemic meant that the Defendant could not rehire all former Apex employees. *Id*.
¶ 22. The economic downturn and the COVID-19 pandemic also meant that, under the
Defendant's management, rehired employees would have more responsibilities than under Apex.
*Id*. The Defendant's hiring committee did not believe that the Plaintiff could meet this higher
standard because he was previously observed taking unauthorized breaks and he kept a sloppy
work area. *Id*. ¶¶ 17, 22. The Plaintiff testified that other younger employees were rehired by the
Defendant, including Mike Reed (ride mechanic, in his forties), Josh McClemons (ride
mechanic, in his thirties) Brian Harrison (welder, roughly forty-five years old), and Kevin
Marcum (electrician, in his late forties to fifty years old). Pl. Ex. 1, 27–30.

## ANALYSIS

The Plaintiff's Complaint alleges violations under the ADEA and the ADA. The
Defendant moves for summary judgment on both his claims, each of which the Court considers
in turn.

### A.    ADEA (Count I)

The ADEA makes it unlawful for an employer to take adverse action against an employee
who is forty years or older "because of such individual's age." 29 U.S.C. §§ 623(a)(1), 631(a).
"To prevail on an age-discrimination claim, the plaintiff must prove that his age was the 'but-for'
cause of the challenged job action." *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th

Cir. 2018) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)). "In other words,

under the ADEA 'it's not enough to show that age was *a* motivating factor. The plaintiff must

prove that, but for his age, the adverse action would not have occurred.'" *Id.* (quoting *Martino v.*

*MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 455 (7th Cir. 2009)). ADEA claims are narrower than

Title VII claims because an ADEA plaintiff may not recover under a mixed-motive

discrimination theory. *Id.*

 All the evidence in an ADEA claim must be evaluated as a whole, and the *McDonnell*

*Douglas* burden-shifting framework is one way to prove discrimination. *Id.* The Plaintiff seeks to

survive summary judgment on his age discrimination claim under the *McDonnell Douglas*

burden-shifting test.[1] Under the burden-shifting framework, the Plaintiff must first establish a

prima facie case by showing that "(1) [he] was a member of a protected class; (2) [he] applied for

and was qualified for the position sought; (3) [he] was rejected for the position; and (4) the

employer [hired] someone outside the protected group who was not better qualified than the

plaintiff." *Chatman v. Bd. of Educ. of City of Chi.*, 5 F.4th 738, 746 (7th Cir. 2021) (cleaned up).

 If the Plaintiff establishes a prima facie case, the burden shifts to the Defendant "to

articulate a legitimate, nondiscriminatory reason for" why it decided not to hire the Plaintiff. *Id*.

If the Defendant provides a legitimate, nondiscriminatory reason, the burden then shifts back to

the Plaintiff to point to evidence showing that the Defendant's reason is a pretext for

discrimination. *Id*. However, the Plaintiff "must also show that the explanations are a pretext for

the prohibited animus." *Id*. at 747.

---

[1] The Plaintiff does not address how, other than under the *McDonnel Douglas* framework, the evidence when viewed as a whole shows that age discrimination was the "but for cause" of the Defendant's failure to hire him. Thus, he waives any such argument. *See Riley*, 909 F.3d at 190; *Barnes-Staples*, 88 F.4th at 719.

Here, even if the Plaintiff meets his burden on the first three prongs of his prima facie

case, he cannot meet his burden on the fourth prong. As to the fourth prong, the Plaintiff asserts

in his brief that the employees whom the Defendant hired were at least ten years younger than he

was, including Mike Reed (in his forties), Josh McClemons (in his thirties), Brian Harrison

(roughly forty-five years old), and Kevin Marcum (late forties to fifty years old). However, the

Plaintiff provides "no amplifying detail of the employees' qualifications or employment history

that would allow this Court to . . . conclude their hiring was the result of discriminatory motive

rather than some other explanatory variable." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 723 (7th

Cir. 2018); *see Downing v. Abbott Lab'ys*, 48 F.4th 793, 805 (7th Cir. 2022) ("To prevail by

showing a similarly situated employee was treated differently, a plaintiff must show the

purported comparator was directly comparable to her in all material respects so as to eliminate

other possible explanatory variables." (cleaned up)). Thus, the hiring of Reed, McClemons,

Harrison, and Marcum by the Defendant offers no support for a finding that the Defendant's

failure to hire the Plaintiff was because of his age. *See Skiba*, 884 F.3d at 723; *Downing*, 48 F.4th

at 805–06. Therefore, the Court finds that the Plaintiff has not met his burden of establishing his

prima facie case for age discrimination because he has not established that the Defendant hired

someone outside of the protected group that was less qualified than the Plaintiff.

Even if the Plaintiff had established a prima facie case, the Defendant is still entitled to

summary judgment because it has presented unrebutted legitimate, nondiscriminatory reasons for

not hiring the Plaintiff. Specifically, the Defendant states that (1) the economic downturn due to

the COVID-19 pandemic forced the Defendant to consolidate some employment positions,

which meant it could not rehire all previous employees of Indiana Beach; and (2) the Defendant

did not believe the Plaintiff's prior work performance met the higher standard expected of

8

employees under the new management because the Plaintiff was known to take unauthorized

breaks during work hours and to keep a sloppy workspace. The Plaintiff's response brief does

not contest that these reasons are nondiscriminatory on their face; thus, the issue is waived.[2]

Instead, the Plaintiff argues that paragraphs 15 through 17 and 22 of Michael Hobart's

affidavit—which the Defendant offers in support of its reasons for not hiring the Plaintiff—are

inadmissible. Although the Plaintiff raises this argument in the context of pretext, it is really an

argument on the Defendant's burden to produce admissible evidence to support its legitimate,

nondiscriminatory reasons for not hiring the Plaintiff. *See Tex. Dep't of Cmty. Affs. v. Burdine*,

450 U.S. 248, 254 (1981) ("The burden that shifts to the defendant, therefore, is to rebut the

presumption of discrimination by producing evidence that the plaintiff was rejected, or someone

else was preferred, for a legitimate, nondiscriminatory reason."); *Hague v. Thompson Distrib.

Co.*, 436 F.3d 816, 826–27 (7th Cir. 2006) ("[T]o satisfy this intermediate burden, the employer

need only produce admissible evidence which would allow the trier of fact rationally to conclude

that the employment decision had not been motivated by discriminatory animus."). As set forth

above, the Court has already overruled the Plaintiff's evidentiary objections. Therefore, the

Court concludes the Defendant has met its burden of producing evidence of legitimate,

nondiscriminatory reasons for not hiring the Plaintiff.

As to pretext, the Plaintiff has not met his burden of pointing to any evidence that rebuts

these legitimate, nondiscriminatory reasons. Courts do not "evaluate whether the employer's

proffered justification was accurate or even whether it was unfair. [The] sole focus is on whether

---

[2] *See Xiong v. Bd. of Regents of Univ. of Wis. Sys*., 62 F.4th 350, 354 (7th Cir. 2023) (finding the plaintiff forfeited his arguments on pretext that were not raised before the district court); *Tyburski v. City of Chicago*, 964 F.3d 590, 600 (7th Cir. 2020) (determining that the plaintiff waived argument on evidence in the record supporting an inference of an improper motive when he did not raise the issue before the district court); *Coleman v. Hardy*, 690 F.3d 811, 819 (7th Cir. 2012) ("[I]f the argument itself was not adequately developed [before the district court], it is . . . waived.").

the employer's stated reason can be characterized as a falsehood rather than an honestly held

belief." *Brooks v. Avancez*, 39 F.4th 424, 435 (7th Cir. 2022). Pretext means "more than a

mistake on the part of the employer; pretext means a lie, specifically a phony reason for some

action." *Id.* (cleaned up); *see Stockwell v. City of Harvey*, 597 F.3d 895, 902 (7th Cir. 2010)

("[P]retext does not exist if the decisionmaker honestly believed the nondiscriminatory reason.").

In other words, it does not matter here if the parties dispute: (1) that the economic downturn from

the COVID-19 pandemic affected the Plaintiff's business to the point that it could not rehire all

former employees, or (2) that the Plaintiff did not meet the Defendant's standards. "[T]he only

question is whether the [Defendant] *honestly believed* it had [] non-discriminatory reason[s] for

his termination." *Brooks*, 39 F.4th at 436 (emphasis added).

Additionally, when an employer defendant raises more than one reason for not hiring a

plaintiff, the plaintiff "[has] to raise an issue as to pretext for each proffered [reason] to

withstand summary judgment." *Simpson v. Beaver Dam Cmty. Hosps., Inc*., 780 F.3d 784, 798

(7th Cir. 2015). Otherwise, the plaintiff must show that the defendant's reasons "are so

intertwined, or the pretextual character of one of them so fishy and suspicious, that the plaintiff

could withstand summary judgment." *Fischer v. Avanade, Inc*., 519 F.3d 393, 404 (7th Cir.

2008) (cleaned up).

Here, other than the unsuccessful challenge to the Defendant's evidence of legitimate,

nondiscriminatory reasons for not hiring the Plaintiff, the Plaintiff does not make any argument

of pretext. The Plaintiff does not explain how or even attempt to show that the Defendant did not

honestly believe the stated reasons for failing to hire him and thus waives any such argument.

Therefore, the Plaintiff has not shown pretext because he has not identified "such weaknesses,

implausibilities, inconsistencies, or contradictions" in the Defendant's stated reasons "that a

reasonable person could find them unworthy of credence and hence infer that [the defendant] did not act for the asserted non-discriminatory reasons." *Bates v. City of Chicago*, 726 F.3d 951, 956 (7th Cir. 2013) (quoting *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007)).

Furthermore, the evidence, when viewed as a whole, does not show that age discrimination was the but-for cause of the Defendant's failure to hire the Plaintiff. Notably, to survive summary judgment on his ADEA claim, "[the Plaintiff] must still have some circumstances to support an inference that there was an improper motivation proscribed by law." *Tyburski*, 964 F.3d at 599 (cleaned up). Here, at most, the Plaintiff argues that he "has designated sufficient evidence from which a rational jury could infer that [the] Defendant's stated reason for [the Plaintiff] not being hired is pretext for *another, undisclosed reason*." ECF No. 40 at 10–11 (emphasis added). However, even if he had pointed to evidence of another undisclosed reason for the Defendant not hiring him, the Plaintiff does not argue that the undisclosed reason stems from his age or put forth evidence supporting such an inference, "neglect[ing] to mention (much less grapple with) the ADEA's requirement that age was the but-for cause of [the adverse employment action]." *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 761 (7th Cir. 2022). Thus, the Plaintiff "fail[s] to point to evidence . . . suggesting [his] age drove the decision to" not hire him. *Id.* Accordingly, based on the arguments and the evidence before the Court, the Court concludes that no reasonable factfinder could find that the Plaintiff's age was the but-for cause of the Defendant's decision not to hire him; and the Defendant is entitled to summary judgment on the Plaintiff's claim of age discrimination (Count I).

## B.      ADA (Count II)

The ADA prohibits employers from discriminating against a "qualified individual" on the basis of his or her disability. 42 U.S.C. § 12112(a). To prove a claim of disability discrimination,

11

the Plaintiff "must show that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by his disability." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (quoting *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016)). If a plaintiff does not meet his "burden to demonstrate that [he] was disabled under the ADA, [the plaintiff] is not protected by its provisions." *Povey v. City of Jeffersonville*, 697 F.3d 619, 624 (7th Cir. 2012). This means that "[w]ithout evidence that [a plaintiff] is disabled, [a plaintiff] cannot survive summary judgment on [a] . . . claim[] under the ADA." *Id.*

Here, the parties only dispute whether the Plaintiff is disabled under 42 U.S.C. § 12102(1)(C) for "being regarded as having such an impairment." To establish that the Defendant regarded him as disabled, "[i]t is not enough for [the Plaintiff] to show that [the Defendant] was aware of [his] impairment; instead [the Plaintiff] must show that [the Defendant] knew of the impairment and believed that [he] was substantially limited because of it." *Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 954 (7th Cir. 2000) (cleaned up). The Defendant argues that the Plaintiff's ADA claim fails because the Plaintiff has not pointed to evidence showing the Defendant believed that he was substantially limited by his impairment. The Plaintiff contends that the Defendant regarded him as disabled because its decisionmakers were aware that he walked with a limp and because he spoke with the decisionmakers about his Perthes disease. The Court agrees with the Defendant.

In this case, the Plaintiff testified that he walks with a visible limp, and that he had conversations with Indiana Beach employees involved with the hiring process about his Perthes disease who were also aware of his limp. The Court finds that, at most, this shows that the Defendant was aware that the Plaintiff walked with a limp and had Perthes disease. However, the

Plaintiff does not address how his impairment "substantially limits" him let alone point to evidence showing the Defendant believed that he was substantially limited. Thus, the Plaintiff has waived any such arguments. *See Frazier-Hill v. Chi. Transit Auth*., 75 F.4th 797, 805 n.6 (7th Cir. 2023) (finding the plaintiff had waived her argument as to whether she was substantially limited by her impairment when she did not raise it before the district court because "it is not the job of the district court to sift through the record and identify the best argument for her").[3] Therefore, the Plaintiff is not disabled for the purposes of the ADA and cannot survive summary judgment on his disability discrimination claim under the ADA. Accordingly, the Defendant is entitled to summary judgment on the Plaintiff's claim of disability discrimination (Count II).

**CONCLUSION**

For the forgoing reasons, the Court hereby GRANTS the Defendant's Motion for Summary Judgment [ECF No. 29]. The Court DIRECTS the Clerk of Court to enter judgment in favor of the Defendant Indiana Beach Holdings, LLC, and against the Plaintiff Glen Budimir on all Counts of the Complaint. The Plaintiff takes nothing by his Complaint.

SO ORDERED on March 11, 2024.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT

---

[3] As the Plaintiff failed to raise any other argument that he was disabled under the ADA based on another subsection of 42 U.S.C. § 12102(1), he has also waived any such argument(s).